FILED
SUPERIOR COURT
OF GUAM

2019 SEP 10 PM 3: 14

CLERK OF COURT

By:_____

**IN THE SUPERIOR COURT OF GUAM**

| | |
|---|---|
| PEOPLE OF GUAM, | Superior Court Case No. <u>CF0649-15</u> |
| Plaintiffs, | |
| vs. | **DECISION AND ORDER RE MOTION TO REVOKE PROBATION** |
| MACK ALLY, | |
| Defendants. | |

The Court determines whether to revoke Defendant Mack Ally aka Macky Ally's[1] probation. Finding that Ally failed to complete all probationary conditions and that the violations warrant revocation, the Court GRANTS the People's Motion to Revoke Probation.

## I. FACTUAL AND PROCEDURAL BACKGROUND

More than three years ago, Ally pled guilty to Assault (as a Misdemeanor). Plea Agreement (Dec. 2, 2015). He agreed to pay a fine of $100 and court costs, perform 100 hours of community service, attend counseling with the Client Services and Family Counseling division, and be placed under two years of supervised probation. Plea Agreement at 3-4. He also agreed to report to probation once a month and to obey all local laws. Plea Agreement at 5.

Close to the expiration of the two years, the Probation Services division reported that Ally had not reported in after August 2, 2017. 1st Violation Rep. (Nov. 30, 2017). He also had not paid his fine or court costs, performed the community service, or attended counseling.

---

[1] Ally represents that his true name is Macky Ally. He has other aliases: Max Laly and Maclarry.

ORIGINAL

The People moved to revoke probation on the grounds listed in the 1st Violation Report. People's Mot. Revoke Probation (Feb. 2, 2018). Ally opposes, claiming that he was employed and had the resources to pay the fine and costs. Opp. (Mar. 16, 2018). He also noted he reported into probation for the first 18 months of his probationary term.

The Court issued a Summons for an April 6, 2018 hearing on the Motion to Revoke Probation. The Summons was not served due to "negative results" and a busy ring tone. Aff. Non-Service (Mar. 26, 2018). At the April 6, 2018 hearing, Ally did not appear, though his sister and girlfriend did. Minute Entry (Apr. 6, 2018).

Due to his failure to be located and to address the outstanding conditions, the Court issued a Bench Warrant. The case then stayed dormant for more than a year. On September 4, 2019, Ally appeared on a Return of Warrant hearing, at which the Court scheduled the Motion to Revoke Probation hearing for September 6, 2019. According to a 2d Violation Report, Ally had been arrested and charged in CM0366-19. Second Violation Rep. (Sep. 6, 2019).

At the Motion to Revoke Probation hearing, Probation Officer Sylvina Charfarous testified that the 1st Violation report contained an error: Ally had last reported on September 1, 2016, not on the stated August 1, 2017 date. She also testified that all conditions remained outstanding. In response, Ally represented that he had completed 68 hours of community service (although still had not located proof of such service) and that he could pay down his fines and costs due to his ongoing employment. He also indicated that he thought he would lose his children if he checked into probation.

## II.    LAW AND DISCUSSION

If "satisfied that [an] offender has inexcusably failed to comply with a substantial requirement imposed," the Court may "revoke the suspension or probation and sentence or

ORIGINAL

resentence the offender. Violation of a condition shall not result in revocation, however, unless the court determines that revocation under all the circumstances then existing will satisfy the best ends of justice and the best interests of the public." 9 GCA § 80.66(a).

The revocation analysis consists of two steps. First, the Court must make a factual determination that the defendant has violated probation. *People v. Camacho*, 2009 Guam 6 ¶ 27. Second, if a violation has been proven, the Court must determine if the violation warrants revocation of the probation. *Id.* The primary concern is whether the defendant remains a good risk for probation.

The Court first finds that Ally has violated his probation. Ally agreed to complete all terms by December 2, 2017. However, by that date and beyond, Ally failed to do the following: pay his $100 fine or court costs, perform all 100 hours of community service, report into probation, and attend counseling. Ally also failed to appear at Court at his first revocation hearing. While he could not be located to be served with a Summons, his family members attended the hearing. Finally, even if Ally performed 68 hours of community service as he claims, he still fell short of the full amount he agreed to complete.

Now the Court turns to whether the violations warrant revocation of probation. Ally has not demonstrated that he can complete the terms of his probation. Close to four years have passed since Ally pled guilty to Assault and agreed to a two-year probation term. He reported in for just the first 10 months of his probationary term. Thereafter, he failed to report in and attend his court hearings. This forced the Court to issue a Bench Warrant, which remained outstanding for 17 months. Only after Ally's recent arrest was Ally compelled to appear again before the Court.

ORIGINAL

Nothing in Ally's history with probation indicates he can successfully complete his conditions. It would be a waste of time and resources for the Court and Probation Services to continue to monitor his compliance when he has completely disregarded the minimal terms he agreed to abide by. The Court also sees no merit in his excuses or promises. The Court therefore finds it to be in the best interests of justice to revoke his probation and re-sentence him.

## III.    CONCLUSION AND ORDER

The Court GRANTS the People's Motion to Revoke Probation.

SO ORDERED this 10th day of September 2019.

_____
**HON. ELYZE M. IRIARTE**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:

_____AG, APD_____

Date: 9|10|19  Time: 3:45

_____
Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Assistant Attorney General Christine Tenorio for the People of Guam
Alternate Public Defender Ana Maria Gayle for Defendant Macky Ally

ORIGINAL